JUSTICE RICE,
dissenting.
¶77 I believe the Court’s determination that Harrington has raised only substantive legal issues, and not issues governing submission of the initiative to the voters, is untenable. I agree with Justice Nelson’s Dissent in this regard. Dissent, ¶¶ 40-43. The Court’s own summary of the arguments, provided in ¶ 6 of the Opinion, demonstrates that the arguments made by the challengers are directed to the initiative’s submission and challenge the Attorney General’s “legal sufficiency” determination, as that term is defined in § 13-27-312(7), MCA. Thus, § 3-2-202(3), MCA, applies and governs. Under this unique but specific provision, because the parties have failed to make a certification or stipulation regarding factual issues, “the supreme court shall refer the proceeding to the district court... for development of a factual record.” Section 3-2-202(3)(b)(ii), MCA.
¶78 The good reason for this legislative directive can be seen by today’s decision. The Court, by its modification of the ballot language, is deciding what groups will be named on the ballot. This critical task, if undertaken at all, requires the careful selection of few words and should be based upon a solid factual foundation.
¶79 I would remand in accordance with the statute.
*269 EXHIBIT: 1-164 Petition (3 pages)
[[Image here]]
*270 [[Image here]]
*271 [[Image here]]